UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>ALVINO SALMERON,<br><br>        Defendant. | CR. NO. 2:10-507 WBS<br><br>ORDER RE: MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) |

----oo0oo----

Before the court is defendant Alvino Salmeron's Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2) based upon Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G."). (Docket No. 90.) For the reasons explained below, defendant does not qualify for a sentence reduction, and the court must therefore deny the motion.

On December 18, 2012, defendant pleaded guilty to Counts One and Thirteen of the Indictment. (Docket No. 60.) Count One charged him with distributing at least fifty grams of

1

1  methamphetamine (actual) in violation of 21 U.S.C. § 841(a)(1),
2  and Count Thirteen charged him with possessing an unregistered
3  firearm in violation of 26 U.S.C. § 5861(d).  (Docket No. 84.)
4  The court held a sentencing hearing on October 7, 2014.  (Docket
5  Nos. 83, 89.)

6        Section 2D1.1 of the U.S.S.G.[1] governed the guideline
7  for Count One, and § 2K2.1 governed the guideline for Count
8  Thirteen.  The court grouped both Counts together to determine
9  defendant's offense level because defendant's possession of a
10 firearm was a specific offense characteristic in, and an
11 enhancement to, the guideline applicable to the drug offense.
12 See § 3D1.2(c) (requiring that multiple counts be grouped
13 together "[w]hen one of the counts embodies conduct that is
14 treated as a specific offense characteristic in, or other
15 adjustment to, the guideline applicable to another of the
16 counts"); § 2D1.1(b)(1) (providing that possession of a firearm
17 is a specific offense characteristic under § 2D1.1 that requires
18 a two-level increase to the base offense level).

19       To determine the offense level, the court applied "the
20 highest offense level of the counts in the Group" pursuant to
21 § 3D1.3(a).  The court calculated and compared each Count's
22 offense level "after all adjustments from Parts A, B, and C of
23 Chapter Three."  § 3D1.3 cmt. n.1; see also § 3D1.3 cmt. n.2
24 (stating that the court is not required to make a formal

---

[1] Unless otherwise noted, all further citations are to the 2013 United States Sentencing Commission Guidelines Manual, which was the manual that was in effect on the date that defendant was sentenced. § 1B1.11(a); see United States v. Grissom, 525 F.3d 691, 697 n.3 (9th Cir. 2008).

2

1  determination of each count's offense level). Defendant here was
2  found to have sold approximately 450.2 grams of methamphetamine
3  (actual). (Presentence Report ("PSR") ¶ 5.) For Count One,
4  defendant's base offense level was thirty-four pursuant to
5  § 2D1.1's Drug Quantity Table. See § 2D1.1(c)(3). After
6  applying a two-level increase under § 2D1.1(b)(1) for possessing
7  a firearm, defendant's resulting offense level for Count One was
8  thirty-six.
9       For Count Thirteen, defendant's base offense level was
10 twenty pursuant to § 2K2.1(a)(4)(B) because defendant had sold
11 firearms that were described in 26 U.S.C. § 5845(a) and because
12 he had one prior felony conviction. (PSR ¶ 11.) After applying
13 a six-level increase under § 2K2.1(b)(1)(C) for selling twenty-
14 six firearms and a four-level increase under § 2K2.1(b)(4)(B) for
15 selling a firearm with an obliterated serial number, defendant's
16 offense level was thirty. (PSR ¶¶ 12-13.) Because the
17 cumulative offense level from the application of § 2K2.1(b)(1)
18 through (b)(4) could not exceed twenty-nine, the offense level
19 was adjusted to twenty-nine. See § 2K2.1(b)(4). After then
20 applying a four-level increase under § 2K2.1(b)(5) for firearms
21 trafficking and a four-level increase under § 2K2.1(b)(6)(B) for
22 possessing a firearm in connection with a drug offense,
23 defendant's resulting offense level for Count Thirteen was
24 thirty-seven.
25      The court used Count Thirteen's offense level to
26 calculate defendant's sentence because it was "the highest
27 offense level of the counts in the Group." § 3D1.3(a). Section
28 2D1.1, the guideline for Count One, was therefore not used to

calculate defendant's sentence.  The court then applied a three-level reduction under § 3E1.1 for acceptance of responsibility, resulting in a total offense level of thirty-four.  (See PSR ¶¶ 19-20.)  Based on a criminal history category of I, defendant's guideline range was 151 to 188 months.  (PSR ¶¶ 27-28, 48.)  After considering the 18 U.S.C. § 3553(a) factors, including the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1), the court imposed a sentence of 144 months, slightly below the guideline range.  (Sentencing Hearing at 19:10-23 (Docket No. 89).)

On April 16, 2015, defendant filed a pro se motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) in light of the Sentencing Commission's passage of Amendment 782.  That amendment retroactively modifies § 2D1.1's Drug Quantity Table and reduces by two points the base offense level for most federal drug offenses.  See U.S.S.G. App. C, Amend. 782 (2014).  The court appointed counsel for defendant, and defendant subsequently notified the court of his election not to amend his original motion.  (Docket No. 97.)

To grant a motion under 18 U.S.C. § 3582(c)(2), the "court must first determine that a reduction is consistent with § 1B1.10."  Dillon v. United States, 560 U.S. 817, 826-27 (2010).  "[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with [§ 1B1.10] if" the amendment "is applicable to the defendant but . . . does not have the effect of lowering the defendant's applicable guideline range because of the operation of another

4

guideline." § 1B1.10 cmt. n.1(A).

Applying Amendment 782 here would reduce the offense level for Count One to thirty-four, which would not lower defendant's guideline range because Count One's offense level would still be lower than Count Thirteen's offense level of thirty-seven. Defendant's sentence would thus still be based upon § 2K2.1, and not § 2D1.1. See United States v. Gutierrez-Sanchez, 587 F.3d 904, 908 (9th Cir. 2009) ("The court's action was in accord with the 'grouping' provisions of the Guidelines governing convictions under multiple counts, which provide that . . . the offense level used to calculate the defendant's sentence [is] . . . the highest offense level of the counts in the Group.").

Because the guideline range applicable to defendant would be the same even if Amendment 782 were in effect at the time he was sentenced, the amendment "does not have the effect of lowering the defendant's applicable guideline range" and is thus not consistent with § 1B1.10. See § 1B1.10(a)(2)(B). Accordingly, the court is unable to grant defendant a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based upon the passage of Amendment 782.

IT IS THEREFORE ORDERED that defendant's Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2) (Docket No. 90) be, and the same hereby is, DENIED.

Dated: January 29, 2016

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE